US DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

MAY 27 2025

Ronald E. Dowling
By_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF ARKANSAS

FAYETTEVILLE DIVISION

| | |
|---|---|
| **DESTIN ALLEN LEWIS,** | ( |
| Plaintiff, | ( |
| | ( |
| v. | (  Case No. 25-5117 |
| | ( |
| **STATE OF ARKANSAS and BENTON COUNTY,** | ( |
| | ( |
| Defendants. | ( |

## COMPLAINT FOR DECLARATORY JUDGMENT

### PRELIMINARY STATEMENT

1. Plaintiff Destin Allen Lewis brings this action under 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 to obtain a judicial declaration that his conviction in Benton County Circuit Court Case No. 04CR-16-545 is void ab initio. Plaintiff asserts that no valid, signed, or enforceable plea agreement exists in the record of that case, and that no adjudication of guilt was entered. (See Exhibit A, Circuit Court Docket; Exhibit E, Second Amended Sentencing Order, p. 5.) Nonetheless, the State of Arkansas and Benton

14

County continue to enforce punitive restrictions, including sex offender registration and parole conditions, based on this void judgment.

2. This complaint presents an actual controversy. Plaintiff is suffering ongoing constitutional harm due to the enforcement of restrictions stemming from a judgment that lacks any lawful basis. Plaintiff respectfully requests that this Court declare the conviction void and all downstream restrictions constitutionally unenforceable.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 and § 1343(a)(3). Declaratory relief is authorized by 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. Venue is proper under 28 U.S.C. § 1391(b) as the events giving rise to this action occurred in Benton County, Arkansas.

## PARTIES

4. Plaintiff Destin Allen Lewis is a resident of Washington County, Arkansas.
5. Defendant State of Arkansas is named solely for purposes of declaratory relief concerning the enforcement of criminal judgments and related restrictions.
6. Defendant Benton County is a political subdivision of the State responsible for prosecuting, adjudicating, and administering the judgment in question.

15

7. Only the State of Arkansas and Benton County are named in the caption for purposes of declaratory relief. Additional individuals and agencies enforcing the judgment are identified in the body for evidentiary and injunctive purposes.

## STATEMENT OF FACTS

8. Plaintiff was sentenced in Benton County Circuit Court Case No. 04CR-16-545.

9. The record contains no signed plea agreement, no transcript of a plea hearing, and no Rule 24.3 colloquy reflecting a knowing and voluntary waiver of rights. (See Exhibit A – Circuit Court Docket.)

10. The June 30th, 2017 sentencing order explicitly states that Plaintiff was not adjudicated guilty of a sex offense. (See Exhibit E – Second Amended Sentencing Order.)

11. The Bench Order from the hearing similarly refers to a plea being entered but is unsupported by any record. (See Exhibit C – Bench Order Filed April 4, 2017.)

12. Despite the absence of a valid conviction, Plaintiff has been subjected to Level 3 sex offender registration, parole restrictions, and ongoing supervision. (See Exhibit I – Ongoing Harm Evidence.)

13. The State filed an Amended Petition to Revoke probation in Case No. 04CR-14-1076 on January 25, 2017, which referenced the 04CR-16-545 charges as justification. This revocation was carried out despite the absence of any lawful conviction in 545, compounding the legal injury suffered by Plaintiff. (See Exhibit F – Petition to Correct Illegal Sentence and Related Filings; Amended Petition to Revoke, included therein.)

16

14. Plaintiff's Defendant Statement, filed on February 22, 2017, reflects that he only pled guilty to the probation revocation in 04CR-14-1076. (See Exhibit D – Defendant Statement, 04CR-14-1076.)

15. Arkansas Code Annotated §§ 12-12-903 and 12-12-905 require adjudication of guilt for registration enforcement.

16. The enforcement of conditions arising from a void judgment continues to harm Plaintiff's liberty, reputation, and access to employment and housing. (See Exhibit I – Ongoing Harm Evidence, including current registry screenshot and parole slip.)

17. Plaintiff filed a Petition to Correct Illegal Sentence on January 23, 2025, followed by related motions on February 4 and February 10, 2025—all of which were denied without addressing the underlying legal defects. (See Exhibit F – Petition to Correct Illegal Sentence and Related Filings; Exhibit B – Motion to Correct Felony Misclassification and Brief; Exhibit G – Order Denying Relief.)

18. Plaintiff also submitted an Emergency Motion to the Arkansas Supreme Court under Rule 6-1(b) on March 3, 2025, which was returned undocketed by a non-judicial office. This demonstrated procedural obstruction at the appellate level. (See Exhibit H – Emergency Motion to Arkansas Supreme Court and Returned Letter.) Plaintiff tracked and confirmed receipt of his emergency filing. (See Exhibit H, Certificate of Service and USPS Proof, included therein.)

19. During this process, Benton County officials refused to transmit the certified record to the Arkansas Supreme Court without payment of $789.25, despite Plaintiff's indigency and

pending IFP motion, which was never ruled upon. These procedural barriers are documented in direct correspondence with court officials. (See Exhibit K – Record Transmission Obstruction and Fee Demands.)

## CLAIM FOR RELIEF

20. Count I: Declaratory Judgment (28 U.S.C. § 2201)
21. Plaintiff seeks a declaration that the judgment entered in Case No. 04CR-16-545 is void ab initio due to the absence of a signed plea agreement or adjudication of guilt, and that any continuing enforcement of registry or supervision conditions arising from that judgment violates the Constitution.

## PRAYER FOR RELIEF

22. WHEREFORE, Plaintiff respectfully requests that this Court:
    a. Declare that the judgment in Case No. 04CR-16-545 is void ab initio;
    b. Declare that no valid plea agreement or adjudication of guilt exists in that case;
    c. Declare that all restrictions or penalties enforced on the basis of that judgment are constitutionally invalid;
    d. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*[signature]*
5/27/25

Farmington, AR 72730

imthemasterofme@gmail.com

951-321-9133

---

*This document was prepared without the aid of any attorney. Plaintiff, acting pro se, independently researched and drafted this filing, invoking only the Constitution, the rule of law, and the truth.*

19

## DECLARATION UNDER 28 U.S.C. § 1746

I, Destin Allen Lewis, declare under penalty of perjury that the facts and statements contained in the foregoing Complaint for Declaratory Judgment, all related motions and briefs, and all referenced Exhibits and attachments, are true and correct to the best of my knowledge, information, and belief.

Executed on this 27 day of May, 2025.

_____

Destin Allen Lewis

Pro Se Plaintiff

P.O. Box 136

Farmington, AR 72730

imthemasterofme@gmail.com

951-321-9133

43

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

| | |
|---|---|
| **DESTIN ALLEN LEWIS,** ( | |
| Plaintiff, ( | |
| ( | |
| v. ( | Case No._____ |
| ( | |
| **STATE OF ARKANSAS and BENTON COUNTY,** ( | |
| Defendants. ( | |

## BRIEF IN SUPPORT OF COMPLAINT FOR DECLARATORY JUDGMENT

### INTRODUCTION

1. This brief is submitted in support of Plaintiff Destin Allen Lewis's Complaint for Declaratory Judgment under 28 U.S.C. § 2201. Plaintiff seeks civil declaratory relief based on due process and contract principles. Specifically, Plaintiff asserts that no enforceable plea agreement exists, and that all enforcement actions arising from Benton County Circuit Court Case No. 04CR-16-545 are void as a matter of law. (See Exhibit A – Circuit Court Docket; Exhibit E – Second Amended Sentencing Order.)

2. The complaint requests a judicial declaration that the conviction is void ab initio due to the absence of a signed plea agreement, the lack of any adjudication of guilt, and a

complete absence of a knowing, voluntary, and intelligent waiver of rights as required by law.

3. Plaintiff is not appealing a conviction, nor relitigating guilt or innocence. This case turns on one question: whether the State may enforce penal consequences based on a nonexistent plea. The answer to that question determines whether any ongoing enforcement has constitutional authority.

## LEGAL STANDARD

4. The Declaratory Judgment Act, 28 U.S.C. § 2201(a), authorizes federal courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." The purpose of the Act is to allow litigants to resolve legal uncertainty and prevent ongoing harm without waiting for a completed injury. See *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126–27 (2007).

5. To invoke federal jurisdiction under the Act, the plaintiff must present an "actual controversy"—that is, a real and substantial dispute, not hypothetical or academic, between parties with adverse legal interests. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937). The controversy must be definite and concrete, admitting of specific relief through a decree of conclusive character. Id. This requirement ensures the Court's declaratory relief will resolve an immediate and ongoing harm.

6. The Eighth Circuit has similarly held that "the existence of an actual controversy is an absolute predicate for declaratory judgment jurisdiction." *Maytag Corp. v. Int'l Union,*

*United Auto., Aerospace & Agric. Implement Workers of Am.*, 687 F.3d 1076, 1081 (8th Cir. 2012). The controversy must be definite and concrete, touching the legal relations of parties with adverse legal interests and must be a real and substantial controversy admitting of specific relief. Id.

7. Federal Rule of Civil Procedure 57 expressly authorizes expedited judicial consideration of declaratory judgment actions, allowing courts to address live controversies before the harm is irreparable.

8. In sum, declaratory relief is appropriate where the plaintiff demonstrates (1) an actual, ongoing controversy; (2) adverse legal interests between the parties; (3) a concrete legal question capable of judicial resolution; and (4) that such relief will resolve the plaintiff's present injury. *Aetna Life*, 300 U.S. at 240–41; *MedImmune*, 549 U.S. at 127; *Maytag*, 687 F.3d at 1081.

## ARGUMENT

### I. Plaintiff Is Suffering Ongoing, Redressable Constitutional Harm

9. A federal court may issue declaratory relief where the ongoing enforcement of state action subjects a plaintiff to concrete legal injury. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) ("sufficient immediacy and reality to warrant the issuance of a declaratory judgment"). Here, Plaintiff is presently listed as a Level 3 sex offender, is compelled to report for parole supervision, and faces public defamation and restriction of

17

employment, housing, and liberty. These are not speculative or theoretical injuries; they are direct, present-day consequences imposed solely on the basis of a judgment that is void on its face. This satisfies the requirement of a live constitutional controversy under Article III and the Declaratory Judgment Act. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937).

## II. The Judgment in Case No. 04CR-16-545 Is Void Ab Initio as a Matter of Law

10. The Due Process Clause forbids enforcement of a conviction absent a valid plea or finding of guilt. *Boykin v. Alabama*, 395 U.S. 238, 242–43 (1969); *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). The Supreme Court has held that a waiver of constitutional rights "cannot be presumed from a silent record." *Boykin*, 395 U.S. at 243. Here, the record contains no signed plea agreement, no colloquy under Arkansas Rule of Criminal Procedure 24.3, and no express adjudication of guilt. Arkansas law treats plea agreements as contracts and requires mutual assent, a meeting of the minds, and a writing for enforceability. *See Santobello v. New York*, 404 U.S. 257, 262 (1971); *City of Dardanelle v. City of Russellville*, 372 Ark. 486 (2008). Where there is no contract, there is no plea; where there is no plea, there is no conviction; and a sentence imposed in these circumstances is void ab initio and subject to immediate correction. *Clark v. State*, 2024 Ark. 130, ___ S.W.3d ___ (citing *Swift v. State*, 2018 Ark. 74, 540 S.W.3d 288).

18

## III. Declaratory Relief Is Warranted Under 28 U.S.C. § 2201

11. The Declaratory Judgment Act is designed to "settle actual controversies before they ripen into violations of law or a completed injury." *See MedImmune*, 549 U.S. at 126–27. The record here presents a pure legal question: whether the State may lawfully enforce registry, parole, and public restrictions in the absence of any valid conviction or plea agreement. The Supreme Court has made clear that a court may and should grant declaratory relief to resolve ongoing violations of constitutional rights. *Aetna Life*, 300 U.S. at 240–41; *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

12. A declaration that the underlying judgment is void will conclusively resolve all downstream enforcement. See *Boykin*, 395 U.S. at 243 ("Record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.").

## IV. Jurisdiction Is Proper and No Federal Abstention Doctrine Applies

13. Federal courts possess jurisdiction over civil rights claims seeking prospective relief from ongoing constitutional violations. The Younger abstention doctrine does not apply because there is no ongoing or pending state prosecution. *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 79 (2013). Nor does Rooker-Feldman apply, because Plaintiff is not appealing a final state judgment, but rather asserting that no lawful state judgment ever existed. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284

(2005). *Heck v. Humphrey*, 512 U.S. 477 (1994), does not bar this action, as Plaintiff seeks only declaratory and injunctive relief, not damages. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).

14. Plaintiff has exhausted available state remedies, as evidenced by repeated filings for relief in the Circuit Court and Arkansas Supreme Court, all of which were denied or obstructed without reaching the merits. (See Exhibits F, G, H, and K.)

## V. Expedited Relief Is Appropriate Under Rule 57

15. Rule 57 provides for expedited review of declaratory judgment actions in cases of ongoing harm. Plaintiff faces imminent and irreparable injury if compelled to report for parole or remain listed as a Level 3 sex offender under a void conviction. Federal courts routinely grant expedited declaratory and injunctive relief in such cases to prevent further deprivation of constitutional rights. *See Elrod v. Burns*, 427 U.S. 347, 373–74 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.").

## **CONCLUSION**

16. For the reasons above, Plaintiff respectfully requests that this Court:

    a. Declare the conviction in Case No. 04CR-16-545 void ab initio;

    b. Declare no valid plea or adjudication exists;

    c. Declare enforcement of that judgment is constitutionally invalid;

    d. Grant all just and proper relief.

Respectfully submitted,

5/27/25

Destin Allen Lewis

Plaintiff, Pro Se

P.O. Box 136

Farmington, AR 72730

imthemasterofme@gmail.com

951-321-9133

---

*This document was prepared without the aid of any attorney. Plaintiff, acting pro se,*

21

*independently researched and drafted this filing, invoking only the Constitution, the rule of law, and the truth.*