IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DESTIN ALLEN LEWIS                                                                                    PLAINTIFF

v.                                       Civil No.  5:25-cv-05117-TLB

ARKANSAS, STATE OF; and
BENTON COUNTY                                                                                       DEFENDANTS

## ORDER

Plaintiff, Destin A. Lewis ("Lewis"), filed this action on May 27, 2025, as a civil rights action pursuant to 42 U.S.C. § 1983.[1]  (ECF No. 3).  Lewis seeks to "obtain a judicial declaration that his conviction in Benton County Circuit Court Case No. 04CR-16-545 is void ab initio." *Id.* at 1.  He contends that "no valid, signed, or enforceable plea agreement exists in the record of that case, and that no adjudication of guilt was entered." *Id.*  Nonetheless, Lewis maintains the State of Arkansas and Benton County "continue to enforce punitive restrictions, including sex offender registration and parole conditions, based on this void judgment." *Id.* at 2.

According to the publicly available court records, Lewis was charged by Amended Criminal Information with two counts of video voyeurism and one count of possession of drug paraphernalia.[2]  The video voyeurism counts were based on Lewis' use of a cellphone to video

---

[1] Lewis cites the Court to 28 U.S.C. § 2201.  However, the Declaratory Judgment Act merely expanded the relief available through litigation, "it is not an independent source of federal jurisdiction; the availability of such relief presupposes the existence of a judicially remediable right." *Schilling v. Rogers,* 363 U.S. 666, 677 (1960).  Section 1983 does create a right of action for individuals who believe their constitutional rights have been violated.

[2] Arkansas court records are available to the public through a website ARCourts maintained by the Arkansas Judiciary.  Lewis' records in case number 04CR-16-545 can be found at this location: https://caseinfo.arcourts.gov/opad/case/04CR-16-545 (last visited May 30, 2025).  The Court may

1

"under the shirt" of the two victims without their consent. On April 4, 2017, Lewis appeared in court with his counsel and entered a guilty plea as to the video voyeurism counts which were reduced to misdemeanor charges. The Court minutes indicate the sentence would run consecutively with CR 2014-1076-2; Lewis would receive credit for 120 days of jail time; Lewis would register as a sex offender; and he would have no contact with the victims. On the Second Amended Judgment entered on June 30, 2017, which included the claims from case CR 2014-1076-2, it was noted that an aggravating factor that Lewis' probation had been revoked based on the new sexual offenses. On the final page, although in the preprinted area where it asks if the defendant has been adjudicated as a sex offense requiring sex offender registration the no box is checked, on the bottom of the form under additional information the following is handwritten: "Defendant must register as a sex offender and comply with all reporting requirements."

While § 1983 is available to remedy the violation of civil rights, it "cannot be used to evade the procedural requirements of petitions for habeas corpus." *Schneider v. Bowersox,* 105 F.3d 397, 400 (8th Cir. 1997). When the "relief requested in the § 1983 action is precisely the same as that requested in a habeas petition—that the convictions and sentence be set aside," such claim is not appropriate in a § 1983 civil rights action. Instead, those claims must be brought under the applicable habeas corpus statute, 28 U.S.C. § 2254.

For these reasons, Lewis may not proceed with this § 1983 civil rights action. The Court construes this action to be for habeas corpus under 28 U.S.C. § 2254. The **Clerk is directed to change nature of suit code in this case to NOS 530.**

---

take judicial notice of court documents and public records. *Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007).

Lewis is given until no later than **June 20, 2025, to file a proper petition for habeas corpus.  The Clerk is directed to send Lewis a § 2254 form petition.  If Lewis fails to return the completed habeas petition by June 20, 2025, this case will be dismissed without further notice by the Court.  If Plaintiff desires not to proceed with this suit, he may file a notice of voluntary dismissal.**

The Motion to proceed *in forma pauperis* ("IFP") (ECF No. 2) and the Amended Motion to proceed IFP (ECF No. 7) will remain pending until June 20, 2025.

The Motions for Temporary Restraining Orders or Preliminary Injunction (ECF Nos. 4, 9, & 10) are **DENIED as moot.**  As Lewis has failed to state a cognizable claim under § 1983, there can be no basis for granting him injunctive relief.

IT IS SO ORDERED this 30th day of May 2025.

*s/* *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE