Case 5:25-cv-05117-TLB   Document 13   Filed 06/02/25   Page 1 of 10 PageID #: 210

US DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

JUN 0 2 2025

By_____
Ronald E. Dowling
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF ARKANSAS

FAYETTEVILLE DIVISION

| | |
|---|---|
| **DESTIN ALLEN LEWIS,** | ( |
| Plaintiff, | ( |
| | ( |
| v. | ( Case No: 5:25-cv-05117 |
| | ( |
| **STATE OF ARKANSAS and BENTON COUNTY,** | ( |
| | ( |
| Defendants. | ( |
| | ( |

## OBJECTION TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION AND REQUEST FOR IMMEDIATE DE NOVO REVIEW

1. Pursuant to Fed. R. Civ. P. 72(b), Local Rule 72.1, and Local Rule 7.2, Plaintiff Destin Allen Lewis respectfully objects to the Magistrate Judge's Findings and Recommendation (Doc. 12, May 30, 2025) and requests immediate de novo review by the District Judge.

### I. INTRODUCTION

2. Plaintiff objects to the findings and recommendation of the United States Magistrate Judge, which denied declaratory and injunctive relief and dismissed the Complaint as

"moot." The record in this matter is clear and undisputed regarding the absence of any signed plea agreement, written waiver of rights, or valid judgment in Benton County Circuit Court Case No. 04CR-16-545.

3. Plaintiff files this Objection to ensure the District Court reviews, de novo, the dispositive factual errors underlying the Magistrate's recommendation, and to prevent imminent and irreparable harm resulting from ongoing enforcement based on a void judgment.

## III. THIS IS NOT A HABEAS CASE – DECLARATORY JUDGMENT IS THE ONLY AVAILABLE RELIEF

4. The Magistrate Judge's recommendation fundamentally misconstrues the nature of this action. Plaintiff is not seeking release from lawful custody or challenging a valid state conviction through habeas corpus. Instead, Plaintiff seeks a declaration of rights under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure: specifically, that all ongoing enforcement actions—parole, registration, public restrictions—are constitutionally void because they arise from a judgment that never lawfully existed.

5. Habeas corpus is available only where a valid conviction or sentence exists, and where the petitioner seeks release from actual custody. See *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Here, the undisputed record shows that there is no signed plea agreement, no valid waiver, and no lawful adjudication of guilt in 04CR-16-545. As a result, there is no conviction or judgment for habeas to reach.

6. Where a plaintiff seeks only declaratory or injunctive relief to end ultra vires enforcement of a void order—rather than release from lawful custody—declaratory judgment is the exclusive and proper vehicle. See *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007); *Wilkinson v. Dotson*, 544 U.S. 74 (2005). The Supreme Court has made clear that § 1983 and the Declaratory Judgment Act are available to remedy ongoing constitutional violations in precisely these circumstances.

7. The Magistrate Judge's reliance on cases barring "habeas by another name" is misplaced, as there is no valid judgment or custody for habeas to reach, and the only relief sought is a judicial declaration that the State's ongoing enforcement is void as a matter of law.

## III. STATEMENT OF FACTS

### A. No Signed Plea Agreement or Written Waiver in 04CR-16-545

8. The official Benton County Circuit Court Docket for Case No. 04CR-16-545 does not contain any entry for a "Plea Agreement," "Waiver of Rights," "Rule 24.3 Colloquy," or "Transcript of Plea." (see Supp. Exhibit 5 – Official Copy of 04CR-16-545 Pretrial Status Hearing Transcript (Pages 54-72); Supp. Exhibit 6 – Full Text of Ark. R. Crim. P. 24.3 and Official Conditional Plea Form; Supp. Exhibit 7 – Screenshot of 04CR-14-1076 Official Arkansas Judiciary Website (comparison to absence of plea entry on 545 docket))

9. All references to a plea are based solely on bench notes, not a written contract or agreement filed or accepted by the Court. (see Supp. Exhibit 5; Supp. Exhibit 6; Supp. Exhibit 7)

10. The absence of a signed plea agreement is confirmed by review of the entire docket and all available court filings and records. (see Supp. Exhibit 5; Supp. Exhibit 6; Supp. Exhibit 7)

## B. No Rule 24.3 Colloquy or Adjudication of Guilt

11. There is no transcript or record of a Rule 24.3 plea colloquy for 04CR-16-545 establishing a knowing, voluntary, and intelligent waiver of rights. (see Supp. Exhibit 5; Supp. Exhibit 6; Supp. Exhibit 7)

12. The Second Amended Sentencing Order in 04CR-16-545 expressly reflects that the "NO" box is checked for sex offense adjudication. (see Complaint Exhibit E, pg. 5)

13. No written, signed waiver or colloquy form was ever entered, and no finding of guilt by a jury was made for 04CR-16-545. (see Supp. Exhibit 5; Supp. Exhibit 6; Supp. Exhibit 7)

## C. Transcript of March 30, 2017 Hearing

14. The transcript of the March 30, 2017 hearing, at which the Magistrate's Order and the State claim a plea occurred, contains no reference to a written plea agreement or waiver being introduced, tendered, or accepted into the record for 04CR-16-545. (see Supp. Exhibit 5)

15. The oral record conflates matters from Case No. 04CR-14-1076 (revocation) with the misdemeanor reductions in 04CR-16-545, with no distinct or separate identification, filing, or acceptance of any plea agreement or written waiver for 04CR-16-545.

16. At no point does the transcript show that Plaintiff entered a knowing, voluntary, and intelligent plea to 04CR-16-545 as required by Arkansas and federal law. (see Supp. Exhibit 5; Supp. Exhibit 6)

### D. Comparison to 04CR-14-1076 (Prior Case)

17. The docket for Case No. 04CR-14-1076, by contrast, contains explicit entries for "Plea Agreement," "Waiver of Rights," "Probation Agreement," and related documents, each signed and filed as required by law. (see Supp. Exhibit 7- screenshot of 1076 docket with valid plea entry)

18. The difference in recordkeeping and documentation between the two cases is clear and unambiguous, demonstrating what a valid plea and waiver look like in Arkansas courts.

19. The absence of comparable documentation in 04CR-16-545 is not a clerical error—it is a dispositive legal defect. (see Complaint Exhibit A, and Supp. Exhibit 7)

### E. Ongoing Enforcement Despite No Valid Judgment

20. Plaintiff is currently required to comply with parole reporting, sex offender registration, and all associated restrictions based solely on the judgment in 04CR-16-545. (see

Complaint Exhibit E - Second Amended Sentencing Order, and Exhibit I - ongoing harm: registry/parole evidence)

21. No written, signed contract, plea, or waiver appears in the record for 04CR-16-545 that would authorize such enforcement.

22. Plaintiff continues to suffer ongoing civil and constitutional harms as a result of enforcement of the void judgment in 04CR-16-545, including loss of liberty, civil stigma, economic hardship, and risk of arrest or further penalties. (see Complaint Exhibit I - Harm, Exhibit J - ACC grievance/waiver, and Exhibit K - record/fee obstruction evidence)

## F. Contradictory Charging Instruments and Legal Impossibility of Felony Plea

23. The official court record shows that the controlling Amended Criminal Information for 04CR-16-545, filed May 26, 2016, charged Plaintiff only with two counts of Video Voyeurism as Class B misdemeanors and one count of drug paraphernalia as a Class A misdemeanor. Any earlier Information referencing felony charges was superseded and rendered void by this amendment. (see Supp. Exhibit 1 – May 26, 2016 Amended Criminal Information;Supp. Exhibit 3 – May 17, 2016 Criminal Information)

24. Despite this, specifically the February 11, 2025 Order Denying Relief (see Complaint Exhibit G), and subsequent court orders repeatedly referenced the earlier May 17, 2016 charging document, which purported to charge felonies that were no longer pending as of the plea or sentencing date, which were amended due to the fact that a Class B felony

does not exist for A.C.A § 5-16-101. (see Supp. Exhibit 1; Supp. Exhibit 2 – Arkansas Code Annotated § 5-16-101; Supp. Exhibit 3)

25. It is a legal and factual impossibility for Plaintiff to have entered a plea agreement for a felony under these circumstances. No plea agreement, contract, or waiver of rights appears in the record for the only valid charges—Class B misdemeanors. Any conviction, judgment, or collateral consequence based on a non-existent felony charge is void ab initio.

### G. Statutory Classification: No Plea or Reduction Possible under A.C.A. § 5-16-101

26. As further proof, Arkansas Code Annotated § 5-16-101 (Crime of Video Voyeurism) establishes the precise statutory classifications for this offense. Subsection (b)(2)(A) makes it a Class B misdemeanor unless the offense involves certain aggravating factors (distribution, posting online, or repeat violation), none of which are alleged in the May 26, 2016 Amended Criminal Information.(see Supp. Exhibit 1; Supp. Exhibit 2)

27. Therefore, it is a statutory impossibility for Plaintiff to have pled to or been convicted of any lesser or greater offense than a Class B misdemeanor under this charging instrument. There can be no plea bargain, reduction, or negotiated agreement when the operative charges are already at the minimum degree of severity allowed by law. Any reference in the sentencing order or court findings to a plea agreement, reduction, or felony disposition is directly refuted by the plain language of A.C.A. § 5-16-101. (see Supp. Exhibit 2)

### H. Prior Filings and Procedural History

28. Plaintiff has repeatedly notified the State of Arkansas, Benton County officials, and this Court that no signed plea agreement, waiver of rights, or valid conviction exists for 04CR-16-545.

29. No party, including Defendants or the Court, has produced any such document or entry in response.

30. The Magistrate's recommendation is based on the assumption of a plea that is not supported by the official docket or the hearing transcript. (see Supp. Exhibit 5; Supp. Exhibit 6; Supp. Exhibit 7)

31. Plaintiff has provided all relevant dockets, transcripts, and comparative case records as exhibits.

### I. Immediate and Irreparable Harm

32. Plaintiff continues to suffer the daily enforcement of parole, registry, and civil restrictions predicated on a judgment for a felony that did not exist in the record at the time of sentencing or any alleged plea. The absence of any lawful plea, contract, or adjudication of guilt is compounded by the fundamental error of relying on a superseded charging instrument. (see Supp. Exhibit 1; Supp. Exhibit 2; Supp. Exhibit 3)

33. Plaintiff faces an imminent parole reporting obligation and the ongoing threat of arrest, detention, or new restrictions based on the judgment in 04CR-16-545.

34. These harms are direct, continuing, and cannot be remedied through post hoc means.

35. Plaintiff respectfully requests a ruling by the close of business on Monday, June 3, 2025, to prevent further irreparable harm.

## IV. REQUEST FOR RELIEF

36. Plaintiff respectfully requests:

    a. Immediate de novo review of all findings and recommendations entered by the Magistrate Judge;

    b. An evidentiary determination as to the absence of any signed plea agreement, waiver of rights, or valid conviction in 04CR-16-545;

    c. Immediate declaratory and injunctive relief prohibiting the enforcement of any registry, parole, or civil restrictions arising from 04CR-16-545;

    d. A specific written finding by the Court stating whether a signed plea agreement, written waiver of rights, or valid Rule 24.3 colloquy exists in the official record of 04CR-16-545 in Benton County Circuit Court, and, if so, identifying by docket entry number, document, and page/line where such evidence appears. If the Court is unable to make such a finding, Plaintiff requests that the Court so state on the record;

    e. A specific written finding by the Court as to whether, under A.C.A. § 5-16-101 and the May 26, 2016 Amended Criminal Information, any plea, bargain, or

felony conviction was legally possible in 04CR-16-545, and if not, to declare all enforcement void ab initio.

f. Any other relief the Court deems just and proper.

37. Plaintiff further requests that the Court issue its ruling no later than the close of business on Monday, June 3, 2025, due to the ongoing irreparable harm and urgent constitutional violations. Should the Court fail to rule by this time, Plaintiff will seek emergency intervention from the Eighth Circuit Court of Appeals.

Respectfully submitted,

6/2/25

Destin Allen Lewis

Plaintiff, Pro Se

P.O. Box 136

Farmington, AR 72730

imthemasterofme@gmail.com

951-321-9133

---

*This document was prepared without the aid of any attorney. Plaintiff, acting pro se, independently researched and drafted this filing, invoking only the Constitution, the rule of law, and the truth.*