US DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

JUN 02 2025

Ronald E. Dowling
By_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF ARKANSAS

FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| DESTIN ALLEN LEWIS, | ( | |
| Plaintiff, | ( | |
| | ( | |
| v. | ( | Case No: 5:25-cv-05117 |
| STATE OF ARKANSAS and BENTON COUNTY, | ( | |
| | ( | |
| Defendants. | ( | |
| | ( | |

## BRIEF IN SUPPORT OF OBJECTION TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION

### I. INTRODUCTION

1. This case is about the most fundamental guarantee of American law: the right to live free from government restraint except as provided by valid, lawful process. The record before this Court is undisputed—there is no signed plea agreement, no written waiver of rights, and no lawful judgment in Benton County Circuit Court Case No. 04CR-16-545 (see Supp. Ex. 5; Supp. Ex. 6; Supp. Ex. 7; Complaint Ex. A).

2. Yet, the State of Arkansas continues to impose life-altering restrictions, supervision, and public condemnation on Plaintiff, Destin Allen Lewis, as if such a contract and conviction exist (see Complaint Ex. E; Complaint Ex. I).

3. No court, bound by its oath to uphold the Constitution and the rule of law, can justify or permit the ongoing enforcement of a judgment that does not lawfully exist.

4. The Magistrate Judge's Findings and Recommendation rest on a foundation of legal error, disregard for the undisputed facts, and a failure of the most basic judicial duty: to ensure that no person is punished without due process of law.

5. Immediate and decisive correction is required—by law, by equity, and by the conscience of this Court.

## II. STATEMENT OF THE ISSUE

6. Whether any registry, parole, or civil restriction may be enforced against Plaintiff where the record is devoid of a signed plea agreement, waiver of rights, or valid judgment as required by Arkansas and federal law (see Supp. Ex. 5; Supp. Ex. 6; Complaint Ex. A).

## III. STATEMENT OF UNDISPUTED MATERIAL FACTS

7. **No Plea Agreement, Waiver, or Colloquy Exists:**
    a. The official docket for 04CR-16-545 contains no entry for a "Plea Agreement," "Waiver of Rights," "Rule 24.3 Colloquy," or "Transcript of Plea." No signed

contract or waiver was ever filed or accepted (see Supp. Ex. 5; Supp. Ex. 6; Supp. Ex. 7; Complaint Ex. A).

8. **Transcript Proves Absence:**

    a. The March 30, 2017 hearing transcript shows no plea agreement or waiver was ever tendered, marked, or accepted for 04CR-16-545. The record conflates 2014 and 2016 cases, never treating 04CR-16-545 as a separate plea (see Supp. Ex. 5).

9. **No Adjudication:**

    a. The Second Amended Sentencing Order for 04CR-16-545 has the "NO" box checked for sex offense adjudication. No jury or court finding of guilt exists (see Complaint Ex. E).

10. **Comparison Docket (04CR-14-1076):**

    a. The 04CR-14-1076 docket shows what a valid plea looks like: signed, filed, and reflected in the record. Nothing similar exists for 04CR-16-545 (see Supp. Ex. 7).

11. **No Production by State or Court:**

    a. No party has ever produced any plea agreement, waiver, or document authorizing the imposition of civil or criminal penalties in 04CR-16-545, despite repeated notice and requests (see Supp. Ex. 5; Supp. Ex. 6; Complaint Ex. A).

12. **Plaintiff Is Under Daily Threat:**

    a. Plaintiff remains at risk of arrest, parole revocation, new penalties, and the ongoing stigma and loss that accompany unlawful registration—all based on a judgment that never lawfully existed (see Complaint Ex. I).

13. **Controlling Statute Bars Any Felony Conviction or Plea:**

    a. The controlling Amended Criminal Information for 04CR-16-545, filed May 26, 2016, charged only two counts of Video Voyeurism as Class B misdemeanors and one count of drug paraphernalia as a Class A misdemeanor (see Supp. Ex. 1). Arkansas Code Annotated § 5-16-101(b)(2)(A) makes it a statutory impossibility to charge, plead, or be convicted of a felony under these facts (see Supp. Ex. 2). The statute does not permit any "plea bargain," "reduction," or contract for a lesser charge—Class B misdemeanor is the statutory floor. No aggravating factors (distribution, prior offense, or underage victim) were present or charged (see Supp. Ex. 2).

## IV. BACKGROUND & PROCEDURAL HISTORY

14. Plaintiff filed all required state and federal pleadings, including repeated notice to the State, Benton County, and this Court of the absence of a plea or valid conviction in 04CR-16-545 (see Complaint Ex. F; Complaint Ex. H; Complaint Ex. K).

15. No opposition brief or substantive response was filed by the State to Plaintiff's dispositive motions.

16. The Magistrate's recommendation rests on an assumption of a plea unsupported by the record and fails to address the dispositive legal and factual defects raised by Plaintiff.

17. Plaintiff continues to suffer daily enforcement of a void judgment and faces imminent, irreparable harm (see Complaint Ex. I; Complaint Ex. J).

## V. ARGUMENT

### A. Plea Agreements Are Contracts—No Signed Contract, No Enforcement

18. *Santobello v. New York*, 404 U.S. 257 (1971): Plea agreements are contracts, and must be attended by safeguards.

19. *Mabry v. Johnson*, 467 U.S. 504 (1984): "A plea bargain... is a mere executory agreement... until embodied in the judgment of a court."

20. A.C.A. § 4-59-101(a)(7): No contract waiving a constitutional right is enforceable unless in writing and signed.

21. Ark. R. Crim. P. 24.3(b): The court shall not accept a guilty plea without personally addressing the defendant and creating a record (see Supp. Ex. 6).

22. Here: The record is silent—no plea, no contract, no waiver. Arkansas cannot enforce a phantom agreement (see Supp. Ex. 5; Supp. Ex. 6; Complaint Ex. A).

### B. Absent a Valid Plea or Adjudication, Enforcement Is Void ab Initio

23. *Boykin v. Alabama*, 395 U.S. 238 (1969): Presuming waiver from a silent record is impermissible.

24. *Johnson v. Zerbst*, 304 U.S. 458 (1938): A waiver must affirmatively appear in the record.

25. *Ex parte Lange*, 85 U.S. 163 (1873): A court cannot punish without jurisdiction; judgment is void ab initio.

26. *Clark v. State*, 2024 Ark. 130: A sentence without statutory authority is void ab initio.

27. Here: The transcript and docket confirm no written plea or waiver exists. There is no lawful judgment to enforce, and every collateral consequence is unconstitutional (see Supp. Ex. 5; Supp. Ex. 6; Complaint Ex. E; Complaint Ex. A; Supp. Ex. 7).

### C. The Court May Take Judicial Notice of the Record—Which Proves Plaintiff's Case

28. *Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007): Judicial notice is proper for facts not subject to reasonable dispute.

29. The official docket and transcript are before this Court—showing the total absence of any plea, waiver, or lawful judgment in 04CR-16-545 (see Complaint Ex. A; Supp. Ex. 5; Supp. Ex. 7).

### D. The Declaratory Judgment Act Is the Only Vehicle for Relief

30. *Schilling v. Rogers*, 363 U.S. 666 (1960): The DJA is not an independent jurisdictional basis, but it is the vehicle to resolve legal uncertainty.

31. *Wilkinson v. Dotson*, 544 U.S. 74 (2005): A § 1983 plaintiff may obtain declaratory relief to remedy ongoing constitutional harm—even without seeking immediate release from custody.

32. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007): The DJA allows parties threatened with real and immediate consequences under a contract to obtain a judicial determination of its validity or enforceability.

33. Here: Plaintiff seeks only a declaration that Arkansas cannot enforce civil disabilities where no contract, plea, or judgment exists (see Complaint, Prayer for Relief; Complaint Ex. I).

### E. No Need to Exhaust Habeas Where No Valid Judgment Exists

34. *Preiser v. Rodriguez*, 411 U.S. 475 (1973): Habeas applies only if there is a valid judgment and the petitioner seeks release.

35. *Wilkinson v. Dotson*, 544 U.S. 74 (2005): Declaratory/injunctive relief is available where ongoing harm arises from void or unlawful enforcement, and Plaintiff does not seek release from "custody" but to end ultra vires civil enforcement.

36. *Schneider v. Bowersox* and related cases do not apply: Plaintiff is not seeking to shorten the duration of lawful criminal custody, but to terminate enforcement of disabilities that have no lawful basis (see Complaint, Prayer for Relief).

### F. Plaintiff's Case Is Not Moot—Immediate Relief Is Required

37. *Friends of the Earth, Inc. v. Laidlaw*, 528 U.S. 167 (2000): "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever."

38. *Chafin v. Chafin*, 568 U.S. 165 (2013): Mootness arises only where further relief is impossible.

39. Here: Plaintiff faces ongoing civil enforcement, stigma, and threat of imprisonment. Relief is not only possible—it is constitutionally required (see Complaint Ex. I; Complaint Ex. J).

### G. The Record Is Unrebutted—And the Harm Is Life-Destroying

40. The State has filed no brief in opposition. No party has ever produced a single document that would authorize these ongoing disabilities.

41. Plaintiff's entire life—freedom, reputation, livelihood, and family—hangs on enforcement of a judgment that never lawfully existed (see Complaint Ex. I; Complaint Ex. J).

42. The facts are not merely technical—they are existential. No system can claim to uphold the law while enforcing punishment without any legal foundation

### H. Obstruction, Extortion, and Judicial Misconduct Warrant Immediate Relief

43. Benton County refused to transmit a certified record absent payment of $789.25, despite Plaintiff's indigency and active IFP motion (see Complaint Ex. K).

44. The Arkansas Supreme Court returned Plaintiff's Emergency Motion via unsigned "ghost letter," falsely claiming no Notice of Appeal was on file, despite documentary proof (see Complaint Ex. H).

45. The State's silence and refusal to defend its actions is an admission that no lawful basis exists for its conduct.

### I. Declaratory Judgment Is the Only Remedy That Fits the Harm

46. Plaintiff seeks not damages or release from criminal custody, but a judicial declaration that all ongoing enforcement of registry, parole, and related civil disabilities arising from Case No. 04CR-16-545 is unlawful and must stop immediately (see Complaint Ex. I; Complaint, Prayer for Relief).

47. The law was written for this very situation—to prevent the state from destroying a life by enforcing a contract, plea, or judgment that never existed.

### J. Statutory Impossibility: A.C.A. § 5-16-101 Prohibits Any Felony Plea, Reduction, or Bargain

48. The controlling statute, A.C.A. § 5-16-101, governs the offense of video voyeurism in Arkansas. Subsection (b)(2)(A) provides that "A person who violates subsection (b) of this section upon conviction is guilty of a Class B misdemeanor" (see Supp. Ex. 2).

49. The May 26, 2016 Amended Criminal Information charges only the conduct described in subsection (b). There is no allegation of aggravating factors (distribution, online posting, or prior conviction) that would elevate the charge (see Supp. Ex. 1).

50. As a matter of law, Plaintiff could not have pled to, or been convicted of, any offense other than a Class B misdemeanor. The statute provides no lower offense, and a felony charge is available only where the victim is under 14, there are prior convictions, or the material is distributed—none of which apply (see Supp. Ex. 1; Supp. Ex. 2).

51. It is legally impossible for Plaintiff to have entered any "plea agreement," "bargain," or "reduction," because the charge was already at the statutory minimum. Any reference in the record to a plea, bargain, or felony is void as a matter of law and fact (see Supp. Ex. 2; Supp. Ex. 3).

52. Authority:

    a. A.C.A. § 5-16-101(b)(2)(A) (*Supp. Ex. 2*)

    b. *State v. Knight*, 318 Ark. 158, 884 S.W.2d 258 (1994) ("A judgment rendered without statutory authority or jurisdiction is void.")

## VI. CONCLUSION AND REQUEST FOR RELIEF

53. For the foregoing reasons, Plaintiff respectfully requests:

    a. Immediate de novo review of the Magistrate's findings and recommendation;

    b. An evidentiary finding and order declaring the absence of any signed plea agreement, waiver of rights, or valid conviction in 04CR-16-545;

    c. Immediate declaratory and injunctive relief prohibiting enforcement of any registry, parole, or civil restrictions arising from 04CR-16-545;

    d. A specific written finding by the Court stating whether a signed plea agreement, written waiver of rights, or valid Rule 24.3 colloquy exists in the official record of 04CR-16-545 in Benton County Circuit Court, and, if so, identifying by docket entry number, document, and page/line where such evidence appears. If the Court

      is unable to make such a finding, Plaintiff requests that the Court so state on the record;

  e. A specific written finding by the Court as to whether, under A.C.A. § 5-16-101 and the May 26, 2016 Amended Criminal Information, any plea, bargain, or felony conviction was legally possible in 04CR-16-545, and if not, to declare all enforcement void ab initio.

  f. Any other relief the Court deems just and proper.

54. Plaintiff further requests that the Court issue its ruling no later than the close of business on Monday, June 3, 2025, due to the ongoing irreparable harm and urgent constitutional violations. Should the Court fail to rule by this time, Plaintiff will seek emergency intervention from the Eighth Circuit Court of Appeals.

Respectfully submitted,

6/2/25

Destin Allen Lewis

Plaintiff, Pro Se

P.O. Box 136

Farmington, AR 72730

imthemasterofme@gmail.com

951-321-9133

---

*This document was prepared without the aid of any attorney. Plaintiff, acting pro se, independently researched and drafted this filing, invoking only the Constitution, the rule of law, and the truth.*