IN THE UNITED STATES COURT OF APPEALS

FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| DESTIN ALLEN LEWIS, | ( |
| Petitioner, | ( |
| | ( |
| v. | ( Case No: 5:25-cv-05117 |
| | ( |
| HON. TIMOTHY L. BROOKS, U.S. DISTRICT JUDGE, WESTERN DISTRICT OF ARKANSAS, FAYETTEVILLE DIVISION, | ( ( ( |
| Respondent. | ( |

**EMERGENCY PETITION FOR WRIT OF MANDAMUS AND REQUEST FOR IMMEDIATE RELIEF (WITH REQUEST TO PROCEED IN FORMA PAUPERIS)**

1. EMERGENCY PETITION: Immediate relief is required to prevent continuing irreparable constitutional harm. Each day of delay results in ongoing enforcement of a void judgment and exposure to criminal and civil penalties.

**I. INTRODUCTION**

2. Petitioner, Destin Allen Lewis, pro se, respectfully seeks an emergency writ of mandamus compelling the Hon. Timothy L. Brooks, U.S. District Judge for the Western District of Arkansas, to immediately rule on pending motions for declaratory and injunctive relief in Case No. 5:25-cv-05117. Petitioner further requests an immediate stay of all enforcement

1

actions arising from Benton County Circuit Court Case No. 04CR-16-545, which is void ab initio as a matter of law. The District Court's continued inaction causes ongoing, irreparable constitutional harm.

3. This Court has jurisdiction under 28 U.S.C. § 1651 and FRAP 21.

## II. STATEMENT OF ISSUES

4. Whether the District Court's refusal to rule on emergency motions and IFP application—despite explicit notice of ongoing irreparable harm—justifies the issuance of a writ of mandamus.

5. Whether ongoing enforcement of a void ab initio judgment constitutes a continuing violation of due process and compels immediate judicial intervention.

## III. FACTUAL AND PROCEDURAL BACKGROUND

6. On May 27, 2025, Petitioner filed a Complaint for Declaratory Judgment and Emergency Motion for Injunctive Relief in the U.S. District Court for the Western District of Arkansas (Case No. 5:25-cv-05117), challenging the ongoing enforcement of registry, parole, and civil disabilities arising from Benton County Circuit Court Case No. 04CR-16-545.

7. Petitioner demonstrated—through unrebutted documentary evidence—that no signed plea agreement, Rule 24.3 colloquy, or lawful adjudication of guilt exists in the underlying criminal case.

8. Petitioner moved to proceed in forma pauperis ("IFP") concurrently, but the District Court has not ruled on the IFP motion or the emergency motions, despite explicit written notice of daily, irreparable harm.

9. Petitioner set a clear deadline for the District Court to rule ("close of business **Monday, June 2, 2025**"). As of the filing of this Petition, no order has been entered, and Petitioner continues to suffer unconstitutional restraints, including sex offender registration, parole supervision, and threat of arrest.

10. No defendants have appeared in the District Court action, as no service has been effected due to the Court's failure to rule on the IFP motion.

## IV. ARGUMENT AND AUTHORITIES

### A. Mandamus is Proper and Necessary

11. Mandamus is warranted where:
    a. Petitioner has no other adequate means to obtain relief.
    b. The right to issuance is clear and indisputable; and
    c. The writ is appropriate under the circumstances. *See Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980); *Will v. United States*, 389 U.S. 90 (1967).

12. There is no other remedy: The District Court's inaction on both the merits and the IFP application precludes appeal and perpetuates irreparable harm.

13. Void ab initio judgments require immediate correction: *Ex parte Lange*, 85 U.S. 163 (1873); *Clark v. State*, 2024 Ark. 130. *Boykin v. Alabama*, 395 U.S. 238 (1969); *Johnson v. Zerbst*, 304 U.S. 458 (1938): No plea/waiver, no conviction.

14. Ongoing harm is a continuing constitutional violation: Each day Petitioner remains subject to registry and supervision is a fresh due process injury, justifying emergency relief. *Elrod v. Burns*, 427 U.S. 347 (1976); *Friends of the Earth, Inc. v. Laidlaw*, 528 U.S. 167 (2000).

15. Procedural rules and formalities yield to correction of void orders: *Todd v. State*, 2023 Ark. 135.

## B. Relief Sought Is Clear and Limited

16. Petitioner does not seek merits disposition, but rather:
    a. An immediate order requiring the District Judge to rule forthwith on all pending motions, including the IFP application and emergency motions for declaratory/injunctive relief;
    b. A temporary stay halting all enforcement of registry, parole, and civil restrictions arising from Benton County Circuit Court Case No. 04CR-16-545 pending the District Court's ruling;
    c. Any further relief deemed just and necessary to prevent continued unconstitutional restraint.

4

## V. PRAYER FOR RELIEF

17. WHEREFORE, Petitioner respectfully requests that the Eighth Circuit:

    a. Issue a writ of mandamus compelling the District Judge to immediately rule on Petitioner's pending IFP application and emergency motions;

    b. Issue a temporary stay halting enforcement of all registry, parole, and civil disabilities arising from the void judgment in 04CR-16-545, pending resolution;

    c. Grant leave to proceed in forma pauperis for this Mandamus petition; and

    d. Award such other relief as the Court deems just and proper.

Respectfully submitted,

Destin Allen Lewis

Petitioner, Pro Se

P.O. Box 136

Farmington, AR 72730

imthemasterofme@gmail.com

951-321-9133

*This document was prepared without the aid of any attorney. Plaintiff, acting pro se,*

*independently researched and drafted this filing, invoking only the Constitution, the rule of law, and the truth.*