IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**DESTIN ALLEN LEWIS**                                                                        **PLAINTIFF**

**V.**                              **CASE NO. 5:25-CV-5117**

**STATE OF ARKANSAS and**
**BENTON COUNTY, ARKANSAS**                                          **DEFENDANTS**

## ORDER

Before the Court is *pro se* Plaintiff Destin Allen Lewis's Objection (Doc. 13) to United States Magistrate Judge Christy Comstock's Order (Doc. 12) of May 30, 2025, which directed him to file a new complaint and denied his motions for temporary injunctive relief. Pursuant to Federal Rule of Civil Procedure 72(a), the Court has conducted a *de novo* review of the record and considered whether any part of the Magistrate Judge's Order must be set aside as clearly erroneous or contrary to law.

Mr. Lewis's Complaint (Doc. 3) seeks a judicial declaration that his conviction for video voyeurism imposed by the Benton County Circuit Court is void. He contends that he never signed a valid plea agreement and that his guilt was not lawfully adjudicated. As a result, he believes he should not be required to meet with his probation officer, comply with conditions of probation, or register as a sex offender. He maintains that the State has violated his constitutional rights under 42 U.S.C. § 1983 by imposing this illegal sentence, and he seeks a declaratory judgment to that effect from this Court.

Mr. Lewis filed a Motion to Proceed *In Forma Pauperis* (Doc. 2) at the same time he filed the Complaint. The Court referred the Motion to Magistrate Judge Comstock. Subsequently, Mr. Lewis filed several "emergency motions" (Docs. 4, 9, 10), requesting that the Court temporarily enjoin the State from enforcing the criminal judgment until the

1

§ 1983 challenge could be resolved. The Court referred the emergency motions to the Magistrate Judge, as well.

In the Magistrate Judge's opinion, Mr. Lewis improperly framed his challenge to the validity of his criminal conviction as a violation of his civil rights under § 1983, rather than a request for habeas relief under 28 U.S.C. § 2254. Consequently, his requests for emergency relief from the judgment, which were also brought under § 1983, are also improper. He was directed to file a § 2254 petition by June 20, 2025, and his emergency motions were denied as moot. These decisions are correct in all respects. Unless Mr. Lewis's conviction is set aside or otherwise modified as a result of a successful habeas petition, the state court's judgment is presumed lawful and must be obeyed.

**IT IS ORDERED** that the Objection to the Magistrate Judge's Order (Doc. 13) is **OVERRULED** and the request for relief **DENIED**.

**IT IS SO ORDERED** on this 6th day of June, 2025.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE