IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DESTIN ALLEN LEWIS                                                    PLAINTIFF

     v.                                CIVIL NO. 5:25-cv-05117

ARKANSAS, STATE OF; and
BENTON COUNTY                                                       DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On May 27, 2025, Plaintiff filed a Complaint pursuant 42 U.S.C. § 1983.[1] (ECF No. 1).
The Court entered an order on May 30, 2025, finding that Plaintiff's claims could not be brought
under §1983 and must be brought under 28 U.S.C. § 2254, and giving Plaintiff until June 20, 2025,
to file a proper petition for habeas corpus under §2254. (ECF No. 12). Plaintiff was cautioned that
if he did not return the completed petition by June 20, 2025, the case would be dismissed without
further notice by the Court. *Id.*

Plaintiff filed an objection to this order (ECF No. 13), which was overruled by the
Honorable Timothy L. Brooks on June 6, 2025. (ECF No. 16). On June 26, 2025, this Court entered
a Show Cause Order, giving Plaintiff until July 17, 2025, to show cause as to why he had failed to
obey the order of the Court. (ECF No. 21).

Plaintiff has yet to respond to the Order to Show Cause and has not filed a completed §2254
petition. Therefore, it is **RECOMMENDED** that Plaintiff's case be **DISMISSED** without
prejudice on the grounds that he has failed to respond to a Court order. *See* Fed. R. Civ. Pro. 41(b).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in**

---

[1] Lewis cites the Court to 28 U.S.C. § 2201. However, the Declaratory Judgment Act merely expanded the relief
available through litigation, "it is not an independent source of federal jurisdiction; the availability of such relief
presupposes the existence of a judicially remediable right." *Schilling v. Rogers,* 363 U.S. 666, 677 (1960). Section
1983 does create a right of action for individuals who believe their constitutional rights have been violated.

which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**RECOMMENDED** this 2nd day of October 2025.

*Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE