IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETEVILLE DIVISION

DESTIN ALLEN LEWIS                                                                    PLAINTIFF

v.                                      CIVIL NO. 5:25-cv-05117

STATE OF ARKANSAS and
BENTON COUNTY                                                                        DEFENDANTS

**REPORT AND RECOMMENATION OF MAGISTRATE JUDGE**

Destin Allen Lewis (Lewis) filed this action on May 27, 2025, naming as Defendants the State of Arkansas and Benton County, Arkansas and seeking declaratory relief pursuant to 28 U.S.C. § 2201, The Declaratory Judgment Act. (ECF No. 3). Because Lewis seeks declaration that his conviction in Benton County Circuit Court Case No. 04CR-16-545 is void ab initio "due to the absence of a signed plea agreement or adjudication of guilt, and that any continuing enforcement of registry or supervision conditions arising from that judgment violates the Constitution," the undersigned views Lewis' claim for relief as one for habeas relief pursuant to 28 U.S.C.§ 2254. (ECF No. 12).  Upon initial review, the undersigned recommended that Lewis' request for emergency relief be denied, and he was provided the necessary paperwork and directed to file his § 2254 habeas petition by June 20, 2025.  (ECF No. 12).

Lewis' subsequent objections to the Report and Recommendation were overruled by Chief U.S. District Judge Timothy L. Brooks (ECF No. 16), and Lewis' Emergency Petition for Writ of Mandamus was denied by the Court of Appeals for the Eighth Circuit.  (ECF Nos. 17-18).  Lewis then filed a Notice of Appeal; the Eighth Circuit remanded the matter for a determination of a certificate of appealability; and Judge Brooks denied Lewis' request for a Certificate of Appealability.  (ECF Nos. 23-28).

1

On October 2, 2025, the undersigned recommended that Lewis' suit be dismissed for failure to file his habeas petition by the deadline of June 20, 2025, and for his failure to respond to a show cause order. (ECF No. 38). Lewis did not object, the Report and Recommendation was adopted by Judge Brooks, and Lewis' case was dismissed on October 22, 2025. (ECF No. 39).

On November 13, 2025, Lewis filed a Motion to Reopen Case (ECF No. 41) which was granted by Judge Brooks, who noted Lewis's argument that he "did not understand that he was required to file a proper petition for habeas corpus relief by the deadline specified by the Court." (ECF No. 42). Judge Brooks directed the Court Clerk to send Lewis another § 2254 form petition and ordered Lewis to file his habeas petition by December 8, 2025. *Id.*

Mail sent to Lewis was returned to the Clerk, and therefore, on December 11, 2025, the undersigned ordered the Warden at Lewis' facility to provide Lewis with a 3rd § 2254 form petition and Judge Brooks' November 2025 Order. The undersigned extended Lewis' habeas filing deadline to January 24, 2026, because of the returned mail. (ECF No. 47).

On the next day – December 12, 2025 – Lewis filed objections to Judge Brooks' Order of November 13, saying once again that he is seeking relief under the Declaratory Judgment Act, and not habeas relief pursuant to § 2254. Lewis says he cannot proceed under § 2254 because that assumes custody pursuant to a valid state court judgment, and as he continues to argue, Lewis points to the alleged absence of a valid judgment he can challenge. (ECF No. 48).

Lewis' extended January 24, 2026, deadline to file a habeas petition has now come and gone without a habeas filing.

Despite Lewis' contentions, there exists a 2nd Amended Sentencing Order in Lewis' Benton County criminal case – 04CR-16-545 – entered on June 30, 2017, made pursuant to Lewis' guilty "plea directly to the court," and sentencing Lewis to 72 months in the Arkansas Department of

Corrections on breaking and entering with a 72-month consecutive term of imprisonment on theft of property. https://caseinfo.arcourts.gov/opad/case/04CR-16-545 (February 2, 2026). Any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The Declaratory Judgment Act affords Lewis no avenue of relief from this criminal judgment. *See Campbell v. Evnen,* 2025 WL 1167838 (D. Neb. April 22, 2025) (collecting and citing cases that Declaratory Judgment Act cannot be used in lieu of habeas). Because Lewis intentionally declines to comply with the Court's § 2254 filing requirement, and because his current pleadings provide no cognizable basis for challenging his state court judgment, the undersigned recommends that this matter be **DISMISSED.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the District Court.**

**IT IS SO ORDERED** this 2nd day of February 2026.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE